HARRIS, Judge.
For the following reasons, we have elected to dispense with oral argument and to affirm the decision of the trial court, although for a different reason, and put this case finally and mercifully to rest. The trial court’s decision to dismiss this action because the motion to intervene filed so long ago was untimely served was error. Based on the 1993 calendar, the tenth day fell on Sunday so that the motion filed on the following day was timely.
We affirm because from the limited record before us (appellant has chosen to provide records of only a small portion of the extensive litigation that has occurred in this case) it appears that the issues relevant when appellant intervened in 1993, have been fully litigated and more than adequately appealed. New or additional issues, if there are any, should be brought by a different claimant in a new action.
In 1991, an action for dissolution was filed involving the marriage of Mayra Alonso and Jose Alonso which culminated in a final judgment on June 3, 1993. Although that final judgment is not before us, it is apparent that custody of the minor child was awarded to the father. On June 14, 1993, through an attorney, Miriam Hernandez (the mother of Mayra) served her motion to intervene and her motion for rehearing. Both motions were granted provided that appellant would file her pleading seeking affirmative relief no later than September 13,1993.
Judge Eleanor Shockett conducted a full hearing on appellant’s petition for the award of primary care of the child (this petition is not before us) and denied said petition on January 30, 1995. In her Final Judgment denying the petition, Judge Shockett specifically found that the grandmother’s purported standing to seek custody under section 61.13(7), Florida Statutes (1993), was not available because the child had not resided “with a grandparent in a stable relationship” but rather had resided with her mother who lived with the grandparent because of the natural mother’s mental incapacity.
Judge Shockett further found that the child’s continued residence with the grandmother “resulted directly from the failure of grandmother and other members of the Hernandez family to fully advise father as to the onset and serious nature of mother’s mental illness and, more directly, from the continuing series of allegations of sexual abuse, *839 physical abuse, medical neglect, and the like brought by grandmother against father in a deliberate effort to prevent father from visitation with [his child].” The court, based on the testimony of the HRS investigator and the parties, found the grandmother’s charges filed with HRS and the State Attorneys office were unfounded. Specifically, Judge Shockett found that the grandmother’s charges that the father is a drug addict, that he has sexually abused his daughter, that he has neglected his daughter’s medical or physical needs or that he is a “criminal” áre all unsupported by the record.
Judge Shockett also found no support in the record for the grandmother’s allegation that the father denied visitation. But the judge did find:
Court finds that grandmother and members of mother’s family have not been flexible in arranging for visitation ... The transportation arrangements, which require [the child] to travel 12 hours each way on the Florida Turnpike every few weeks for visitation with grandmother, are burdensome on the family and unreasonable for [the child] and result in great inconvenience and expense for father and father’s family.
Because the judge found that even visitation between the child and her natural mother needed to be supervised (because of the mother’s mental condition), she appointed the maternal grandfather, and not the grandr mother, for this purpose.
Since the court determined that the best interest of the child would be served by continuing custody in the father, the grandmother’s petition was denied. The grandmother was unsuccessful in her appeal of this decision. She appears to have beqn unsuccessful in over a dozen appeals in this matter, including appeals involving Judge Shockett which she attempted to take to the supreme court.
At the point the venue of this action was transferred to Marion County, there were three asserted issues remaining (according to appellant’s brief):
(1) Petition to Modify primary parental responsibility, custody, and visitation, based on substantial changes in circumstances;
(2) Motion for appointment of Guardian Ad Litem for the minor child;
(3) Motion to show cause why Mr. Alonso would not be held in contempt for denying visitation between the child and her mother.
We find that the grandmother now lacks standing to pursue any of these issues.
The grandmother has now fully litigated any personal right she may have to custody of the child. And although the natural mother is incompetent, the grandmother is not purporting to act as guardian for her daughter. Thus she has no standing to seek a change of custody on behalf of the natural mother nor to enforce any visitation rights that the natural mother may have. Since there is no proper" action remaining in this cause, there is no basis of record for the appointment of a guardian ad litem for the child.
The dismissal of this cause is affirmed.
AFFIRMED.
GRIFFIN, C.J., and THOMPSON, J., concur.